# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ERIC WAYNE TRAVIS, | ) |
| Movant, | ) |
| v. | ) No. 05-1180-CV-W-DW-P |
| | ) Cr. No. 90-0125-01-CR-W-DW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Movant, who is incarcerated at the United States Penitentiary in Atwater, California, following a conviction and sentence entered in the above-captioned criminal proceeding, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant contends that his life sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005), because his Sentencing Guidelines range was increased by enhancements that were not admitted by Movant or found by a jury.

Respondent contends that Movant is not entitled to resentencing because Blakely and Booker are not retroactive to cases on collateral review, such as this case, and because Movant's life sentence was mandated by statute, not by the Sentencing Guidelines. (Doc. 3, pp. 1-4.)

The United States Court of Appeals for the Eighth Circuit has held that the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced and, thus, does not apply retroactively to cases on collateral review. Never Misses A Shot v. United States, 413 F.3d 781 (2005). Thus, Booker does not apply to Movant's 2001 sentence.

Moreover, Movant's life sentence was statutorily mandated under 21 U.S.C. § 841(b)(1)(A)

because he had two prior felony convictions for possession of cocaine base and a third felony conviction for being a felon in possession of a firearm. See United States v. Thomas, 398 F.3d 1058, 1063-64 (8th Cir. 2005) (finding Booker to reaffirm prior holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998)).

Accordingly, the Court DENIES the motion to vacate, set aside, or correct the sentence in the above-captioned criminal action. This case is dismissed *with prejudice*.

IT IS SO ORDERED.


Date:   March 20, 2006                                          /s/ DEAN WHIPPLE
                                                                Dean Whipple
                                                                United States District Court